## THE STATE *v.* FANNING FARRIS

Where a misdemeanor case is stricken from the docket under the Code, sec. 5193, the County Attorney-General, Sheriff, Clerk, and State's witnesses are entitled to their fees, incurred on behalf of the State, as in case of *nolle prosequi* or acquittal, to be taxed against the county.

### FROM PUTNAM.

Appeal in error from the Circuit Court of Putnam County.   N. W. McCONNELL, J.

Attorney-General LEA, for The State.

No counsel marked for defendant.

COOPER, J., delivered the opinion of the Court.

The defendant having been indicted for a misdemeanor, two writs of capias were issued at different times, upon each of which the Sheriff made return that the defendant was not to be found and had left the State. The Court thereupon, on motion of the Attorney-General, struck or retired the case from the docket, under the Code, sec. 5193. The Attorney-General then moved for judgment against the county for his own fee and the fees of the Sheriff, Clerk and witnesses, which had ac-

crued in behalf of the State, as upon an acquittal of the defendant.

The Circuit Judge overruled the application, and the Attorney-General, Sheriff, Clerk and witnesses appealed.

Section 5193 of the Code is in these words: "When a capias has been returned not to be found and in felony cases when, before or after conviction, the defendant breaks jail, or forfeits his bond for appearance, the Court may strike the cause from the docket, and give judgment against the State for such costs as the State is bound to pay in case of nolle prosequi or acquittal of the defendant."

Looking alone to the general intent disclosed by this section, without literally interpreting the language used, it would seem clear that when the Court strikes a case from the docket, in compliance with its direction, it should give judgment for the costs as in case of *nolle prosequi* or acquittal. The words are, "give judgment against the State." Literally, these words may be construed as meaning that no judgment can be rendered except where the State is liable for the costs. But, in that view, there would be no provision for the costs in misdemeanor cases, where the capias has been returned not to be found, and the Court strikes the case from the docket. For, long before the Code, and as early as the Act of 1827, ch. 36, costs in criminal prosecutions for misdemeanors were paid by the county, not the State. This provision

State *v.* Farris.

of the statute law was brought into the Code sec. 5587. The words in controversy, by a fair construction, may be treated as referring to the State as the only party to the record except the defendant, and directing the judgment to be rendered against the State nominally for its costs, but to be paid by the county whenever chargeable to it according to law. This section of the Code must be construed in connection with sections 5585-6-7, being in *pari materia*, and parts of one Act. Reading them thus together, it seems clear that it was never intended to leave a large class of cases in which the officers of the law and witnesses for the State are required to perform services without compensation.

The case of *State* v. *Ellis*, 6 Baxter, 549, is in conflict with this conclusion, but, upon careful consideration, we think it was erroneously decided, and overrule it.

The judgment will be reversed, and judgment rendered in favor of the appellants against the County of Putnam.